UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEDDI LINDBERG,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.
_____/

No. C 14-2544 PJH

**ORDER DISMISSING COMPLAINT**

Defendant's motion to dismiss came on for hearing before this court on September 10, 2014. Plaintiff Heddi Lindberg ("plaintiff") appeared through her counsel, John Holman. Defendant Wells Fargo Bank N.A. ("Wells Fargo") appeared through its counsel, Kenneth Franklin. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS Wells Fargo's motion to dismiss for the reasons stated at the hearing and as follows.

As stated at the hearing, the court finds that plaintiff's first cause of action, for declaratory relief, is barred by res judicata, based on the court's dismissal of plaintiff's complaint in a previous case before this court. See Lindberg v. Wells Fargo, 2013 WL 3457078 (N.D. Cal. July 9, 2013) (referred to as "Lindberg I"). Plaintiff's first cause of action alleges that Wells Fargo lacks standing to foreclose on the subject property, because it is not the holder of the note, because plaintiff's loan was securitized, and because the loan was improperly assigned. The court addressed and rejected each of these arguments in Lindberg I. Thus, plaintiff's first cause of action is DISMISSED without leave to amend.

Plaintiff's second cause of action, for wrongful foreclosure, is imprecisely pled, but appears to allege that Wells Fargo acted improperly during the loan modification process.

As stated at the hearing, this cause of action is DISMISSED, but with leave to amend. Any amended complaint must clearly set forth: (1) a timeline of plaintiff's bankruptcy filings, and an explanation of why any bankruptcy filings do not bar her claims under California's Homeowner Bill of Rights ("HBOR"), (2) a timeline of plaintiff's loan modification applications, (3) an explanation of the specific behavior that underlies the alleged HBOR violations (e.g., dual tracking, failure to provide a foreclosure alternative, failure to designate a single point of contact, and/or loan modification abuse), and (4) facts establishing plaintiff's standing to bring this suit, including whether she is the trustee of the trust that owns the subject property, and whether HBOR allows her to bring suit as the trustee of a trust.

In addition, the court finds that any part of plaintiff's claim that arose before December 19, 2013, the date that Lindberg I was dismissed with prejudice under Rule 41(b) for failure to comply with a court order, is barred by res judicata. Rule 41(b) specifically states that "[u]nless the dismissal order states otherwise, a dismissal under this rule – except one for lack of jurisdiction, improper venue, or failure to join a part under Rule 19 – operates as an adjudication on the merits." Given that res judicata bars not only claims that were raised, but claims that could have been raised, the court finds that any conduct that occurred before December 19, 2013 could have been brought in Lindberg I, and thus, cannot be revived in this suit. See, e.g., Western Radio Services Co, Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). Thus, any amended complaint must be limited to conduct that occurred after December 19, 2013.

Plaintiff's amended complaint must be filed by **October 8, 2014**, and defendant shall have 21 days after its filing to answer or otherwise respond to the complaint. No new claims or parties may be added without leave of court or the agreement of all parties.

**IT IS SO ORDERED.**

Dated: September 12, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge