UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEDDI LINDBERG,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

_____/

No. C 14-2544 PJH

**ORDER DISMISSING FIRST AMENDED COMPLAINT**

Defendant's motion to dismiss came on for hearing before this court on December 10, 2014. Plaintiff Heddi Lindberg ("plaintiff") appeared through her counsel, John Holman. Defendant Wells Fargo Bank N.A. ("Wells Fargo") appeared through its counsel, Mark Flewelling. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS Wells Fargo's motion to dismiss for the reasons stated at the hearing and as follows.

As discussed at the hearing, the court previously dismissed plaintiff's original complaint and issued an order setting forth specific requirements for the current first amended complaint ("FAC"). Specifically, the court ordered that the FAC include:

> (1) a timeline of plaintiff's bankruptcy filings, and an explanation of why any bankruptcy filings do not bar her claims under California's Homeowner Bill of Rights ("HBOR"), (2) a timeline of plaintiff's loan modification applications, (3) an explanation of the specific behavior that underlies the alleged HBOR violations (e.g., dual tracking, failure to provide a foreclosure alternative, failure to designate a single point of contact, and/or loan modification abuse), and (4) facts establishing plaintiff's standing to bring this suit, including whether she is the trustee of the trust that owns the subject property, and whether HBOR allows her to bring suit as the trustee of a trust.

Dkt. 28 at 2.

However, the FAC failed to meet that criteria in a number of respects. First, plaintiff did not include a complete timeline of her bankruptcy filings, as she omitted her third

bankruptcy filing, which appears to have occurred just six days before the FAC was filed.

Second, the FAC contains only a piecemeal description of plaintiff's loan modification efforts. The FAC alleges that plaintiff submitted a loan modification application sometime in 2012, which was acknowledged by Wells Fargo on September 24, 2012. See FAC, ¶¶ 11-12. Plaintiff then alleges that she received modification-related communications from Wells Fargo throughout 2013 and 2014, but does not explain whether these communications were related to the same modification application submitted in 2012, or related to some other modification application(s). At the hearing, plaintiff's counsel admitted that he did not know if plaintiff submitted more than one application, but believed that there had been at least a second application, possibly sometime in the spring of 2013. Given that plaintiff's claim for dual-tracking under HBOR depends entirely on the timing of her loan modification application(s), plaintiff must provide specific details of the timing of any such application(s).

Finally, the FAC alleges that plaintiff is the trustee of the Heddi Lindberg Trust (which is the owner of the subject property), but does not explain whether a trustee of a trust has standing to bring a claim under HBOR. Wells Fargo's motion pointed out that only "borrowers" have HBOR standing, and the statute defines "borrower" as "any natural person who is a mortgagor or a trustor." Cal. Civ. Code § 2920.5(c). In her opposition, plaintiff claims that she has standing to sue as a <u>trustee</u> of the trust, but simultaneously argues (in a footnote) that she "is a trustor under the deed of trust." In order to maintain this action, plaintiff must properly allege that she has standing under HBOR.

Thus, Wells Fargo's motion to dismiss is GRANTED, and plaintiff's FAC is dismissed. However, as stated at the hearing, plaintiff will be afforded one additional opportunity to amend her complaint. Any second amended complaint must comply with the court's instructions, set forth in its previous order and again in this order.

In addition to the grounds for dismissal set forth above, the court also finds that plaintiff fails to state a claim for failure to appoint a single point of contact, because she does not allege that she actually requested the appointment of a single point of contact.

However, plaintiff will be granted leave to amend this claim as well.

Plaintiff's second amended complaint must be filed by **January 7, 2015**, and defendant shall have 21 days after its filing to answer or otherwise respond to the complaint. No new claims or parties may be added without leave of court or the agreement of all parties.

**IT IS SO ORDERED.**

Dated: December 16, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge