UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEDDI LINDBERG,

    Plaintiff,

    v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

_____/

No. C 14-2544 PJH

**ORDER DISMISSING SECOND AMENDED COMPLAINT AND DENYING MOTION FOR PRELIMINARY INJUNCTION**

Before the court are defendant's motion to dismiss the second amended complaint and plaintiff's motion for preliminary injunction. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to dismiss and DENIES plaintiff's motion for preliminary injunction as follows.

**BACKGROUND**

This is a mortgage case with a fairly extensive history before this court. In February 2013, plaintiff Heddi Lindberg ("plaintiff") filed suit in state court against defendant Wells Fargo Bank, N.A. ("defendant" or "Wells Fargo")[1], and the case was removed to this court on February 21, 2013. See Case No. 4:13-cv-0808 (referred to as "Lindberg I"), Dkt. 1. In Lindberg I, plaintiff asserted sixteen causes of action, all arising generally out of defendants' alleged "predatory lending" and misconduct during the loan modification process. After removal, plaintiff filed a first amended complaint, and then filed a motion for preliminary injunction. The court denied the preliminary injunction motion, finding that plaintiff had failed to establish a likelihood of success on the merits of her claims or that

---

[1] Plaintiff also named Regional Trustee Services Corporation as a defendant in previous versions of the complaint; however, the operative second amended complaint names only Wells Fargo as a defendant.

there were clear questions going to the merits. See Lindberg I, Dkt. 27 (Apr. 22, 2013).

Plaintiff then filed a motion to remand the case back to state court, and defendant filed a motion to dismiss. The court considered both motions, and ultimately denied the motion to remand but granted the motion to dismiss with leave to amend. See Lindberg I, Dkt. 35 (July 9, 2013). Plaintiff was given until August 8, 2013 to file a first amended complaint. However, rather than file an amended complaint, plaintiff chose to file a notice of appeal to the Ninth Circuit. See Lindberg I, Dkt. 36 (Aug. 8, 2013). Despite the pending appeal, plaintiff then filed in this court a request for an order staying the scheduled foreclosure sale. Although the appeal was still pending, the court considered plaintiff's request, ultimately finding that it raised the same arguments that were raised in her motion for preliminary injunction. The court thus found that "for the same reasons set forth in that [preliminary injunction] order . . . plaintiff cannot establish likelihood of success on the merits of her claims." See Lindberg I, Dkt. 45 (Sept. 27, 2013).

The Ninth Circuit issued an order on plaintiff's appeal on October 16, 2013, questioning whether it had jurisdiction over the appeal, because this court's order dismissing the complaint with leave to amend was not a final, appealable order. The Ninth Circuit gave the plaintiff/appellant 21 days to either voluntarily dismiss the appeal or to show cause as to why the appeal should not be dismissed for lack of jurisdiction. No response was filed, and on November 25, 2013, the Ninth Circuit dismissed the appeal for failure to respond to the October 16 order.

With Lindberg I back in this court after the dismissal of the appeal, defendant filed a motion to dismiss the action, based on plaintiff's failure to file an amended complaint in response to the court's July 2013 order. Plaintiff did not oppose or otherwise respond to the motion to dismiss. Accordingly, the court found that "[g]iven plaintiff's failure to (1) file an amended complaint in response to this court's July 9, 2013 order, (2) respond to the Ninth Circuit's October 16, 2013 order, and (3) oppose or otherwise respond to Wells Fargo's motion to dismiss, the court finds that the case must be DISMISSED with prejudice pursuant to Rule 41(b)." Lindberg I, Dkt. 50.

2

After Lindberg I's dismissal, plaintiff then filed a new suit in state court, which was removed to this court on June 3, 2014. Referred to as "Lindberg II," this second case is the one now before the court. After removal, defendant filed a motion to dismiss the complaint, arguing that portions of the complaint were barred by res judicata (based on Lindberg I's dismissal), and that the remainder of the complaint failed to state a claim. The court agreed that "any part of plaintiff's claim that arose before December 19, 2013, the date that Lindberg I was dismissed with prejudice under Rule 41(b) for failure to comply with a court order, is barred by res judicata." See Dkt. 28 at 2. The court granted the motion to dismiss, but granted leave to amend to the extent that plaintiff's claims were based on loan modification-related conduct that occurred after December 19, 2013. The court required plaintiff's first amended complaint to "clearly set forth":

> (1) a timeline of plaintiff's bankruptcy filings, and an explanation of why any bankruptcy filings do not bar her claims under California's Homeowner Bill of Rights ("HBOR"), (2) a timeline of plaintiff's loan modification applications, (3) an explanation of the specific behavior that underlies the alleged HBOR violations (e.g., dual tracking, failure to provide a foreclosure alternative, failure to designate a single point of contact, and/or loan modification abuse), and (4) facts establishing plaintiff's standing to bring this suit, including whether she is the trustee of the trust that owns the subject property, and whether HBOR allows her to bring suit as the trustee of a trust.

Dkt. 28 at 2.

Plaintiff did file a first amended complaint ("FAC") on October 8, 2014, and defendant again moved to dismiss. The court compared the FAC to the above list of required factual allegations, and found it deficient in a number of respects. Specifically, the FAC "did not include a complete timeline of [plaintiff's] bankruptcy filings," contained "only a piecemeal description of plaintiff's loan modification efforts," and "allege[d] that plaintiff is the trustee of the Heddi Lindberg Trust (which is the owner of the subject property), but does not explain whether a trustee of a trust has standing to bring a claim under HBOR." See Dkt. 40. The court allowed plaintiff "one additional opportunity to amend her complaint," and instructed that the "second amended complaint must comply with the court's instructions, set forth in its previous order and again in this order." Id.

Plaintiff filed the operative second amended complaint ("SAC") on January 7, 2015,

3

1 which makes the following allegations: Plaintiff alleges that she first requested a loan
2 modification in or around May 2012, and that she submitted her first loan modification
3 application (referred to as "Loan Mod. No. 1") in January 2013. Dkt. 41, ¶¶ 13-14. Plaintiff
4 corresponded with Wells Fargo about the loan modification throughout January and
5 February 2013, but on March 4, 2013, plaintiff was informed that the loan modification
6 needed to be closed because of "pending litigation." Id., ¶ 20. Plaintiff alleges that she
7 "was forced to file bankruptcy" in April 2013 "to avoid the foreclosure of her home." Id.,
8 ¶ 21.

9 Plaintiff's bankruptcy (referred to as "BK No. 1") was dismissed in August 2013 for
10 "failure to comply with an order concerning the bankruptcy plan," and in September 2013,
11 plaintiff submitted a new loan modification application (referred to as "Loan Mod. No. 2").
12 Dkt. 41, ¶¶ 22-23. Plaintiff alleges that, despite the submission of the Loan Mod. No. 2
13 application, Wells Fargo scheduled a foreclosure sale for November 8, 2013. Id., ¶ 25.
14 Plaintiff alleges that she was forced to file a second bankruptcy (BK No. 2) in November
15 2013 in order to avoid the foreclosure sale. Dkt. 41, ¶ 26. The SAC does not make any
16 further allegations regarding this scheduled foreclosure sale, but it appears that the sale did
17 not go forward.

18 Plaintiff then alleges that she further corresponded with Wells Fargo throughout
19 January and February 2014 regarding Loan Mod. No. 2. Dkt. 41, ¶¶ 27-29. Plaintiff also
20 alleges that her second bankruptcy was dismissed in March 2014, and that Wells Fargo
21 subsequently noticed another foreclosure sale, scheduled for June 20, 2014. Id., ¶¶ 30-31.
22 Plaintiff does not make any further allegations regarding this scheduled foreclosure sale,
23 but she does allege that, in September 2014, Wells Fargo scheduled another foreclosure
24 sale for October 3, 2014. Id., ¶ 32. Plaintiff alleges that she was again "forced to file
25 bankruptcy" (BK No. 3) to avoid the foreclosure sale. Id., ¶ 33.

26 Based on these allegations, plaintiff asserts a single claim under HBOR, but her
27 claim appears to allege four separate HBOR violations: (1) "setting a trustee sale within 30
28 days of 'closing' Loan Mod. No. 1 and without providing a detailed explanation of the

4

closing of the workout plan," (2) "'dual-tracking' i.e., recording a Notice of Trustee and setting a Trustee Sale date while plaintiff's Loan Mod. No. 2 was under review," (3) "failure to appoint a single point of contact for Loan Mod. No. 2," and (4) initiation of the non-judicial foreclosure proceedings while not the 'holder of a beneficial interest' under the [deed of trust] or the agent thereof." Dkt. 41, ¶ 41.

With regard to standing, plaintiff no longer seeks to establish her standing to bring this suit based on her position as trustee of the Heddi Lindberg Trust. Instead, plaintiff now argues that the loan issued to the trust "is a forgery" that she "does not recall every [sic] signing." Dkt. 41, ¶ 8. Plaintiff now seeks to establish standing by relying on an earlier loan (issued in 2004, three years before the allegedly-forged loan was issued in 2007), which was issued to plaintiff as an individual, not as trustee to a trust. Id., ¶ 7.

Defendant now moves to dismiss the SAC in its entirety. Plaintiff has also filed a motion for preliminary injunction. Because defendant's motion was filed first, and because the preliminary injunction motion can be premised only on claims that are capable of surviving a motion to dismiss, the court will consider defendant's motion first.

**DISCUSSION**

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

5

1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

In addition, while the court generally may not consider material outside the pleadings when resolving a motion to dismiss for failure to state a claim, the court may consider matters that are properly the subject of judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), as well as documents referenced extensively in the complaint and documents that form the basis of a the plaintiff's claims. See No. 84 Employer–Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

B.  Legal Analysis

As a threshold matter, the court finds that portions of plaintiff's HBOR claim are barred by res judicata. First, plaintiff's allegations that defendant "set[] a trustee sale within

30 days of 'closing' Loan Mod. No. 1 and without providing a detailed explanation of the closing of the workout plan" necessarily arose before December 19, 2013, and thus could have been raised in Lindberg I. The SAC alleges that Loan Mod. No. 1 was closed on March 4, 2013, and although plaintiff does not allege a specific date on which the trustee's sale was set, she does allege that it was within 30 days of closing Loan Mod. No. 1 (i.e., within 30 days of March 4, 2013). Thus, because these allegations could have been raised in Lindberg I, they are barred by res judicata, and any portion of plaintiff's claim that is based on those allegations must be dismissed with prejudice.

Second, plaintiff's allegations that Wells Fargo is not the holder of a beneficial interest on plaintiff's loan, and thus lacks standing to foreclose, have been specifically addressed and dismissed by this court in both Lindberg I and in Lindberg II. In Lindberg I, the court noted that "plaintiff alleges that Wells Fargo lacks standing to foreclose, because it is not in possession of the original note, because the chain of title to the subject property has been broken, and because plaintiff's loan has been securitized, which extinguishes Wells Fargo's interest in the subject property," but ultimately concluded that plaintiff made "no non-conclusory allegations that her specific loan was securitized, nor does she present any authority for her argument that securitization would preclude Wells Fargo from foreclosing." Lindberg I, Dkt. 35 at 5 (July 9, 2013).

In this case, plaintiff's original complaint asserted a claim for declaratory relief, based on the allegations that "Wells Fargo lacks standing to foreclose on the subject property, because it is not the holder of the note, because plaintiff's loan was securitized, and because the loan was improperly assigned." The court made clear that it had "addressed and rejected each of these arguments in Lindberg I," and thus dismissed the claim with prejudice. Dkt. 28 at 1. Plaintiff now seeks to re-assert this claim in a different form, as part of her HBOR claim rather than as part of a claim for declaratory relief. However, plaintiff cannot avoid res judicata by simply alleging the same facts as part of a different legal theory. See, e.g., Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982). Accordingly, to the extent plaintiff asserts a HBOR violation based on Wells

7

Fargo's standing to foreclose, that claim is barred by res judicata and must be dismissed with prejudice.[2]

Having identified the alleged HBOR violations that are barred by res judicata, the court now must consider the remaining alleged violations: (1) Wells Fargo's "dual tracking," i.e., "recording a Notice of Trustee [Sale] and setting a Trustee Sale date while plaintiff's Loan Mod. No. 2 was under review," and (2) "failure to appoint a single point of contact for Loan Mod. No. 2." See Dkt. 41, ¶ 41.

Before reaching the merits of plaintiff's claims, the court must first determine whether plaintiff has standing to pursue claims under HBOR. The court first addressed this issue in its order dismissing the original Lindberg II complaint, as it required plaintiff's first amended complaint to plead "facts establishing plaintiff's standing to bring this suit, including whether she is the trustee of the trust that owns the subject property, and whether HBOR allows her to bring suit as the trustee of a trust." Dkt. 28 at 2. However, plaintiff's first amended complaint ("FAC") still did not establish her standing under HBOR, as the court observed in its order dismissing the FAC:

> The FAC alleges that plaintiff is the trustee of the Heddi Lindberg Trust (which is the owner of the subject property), but does not explain whether a trustee of a trust has standing to bring a claim under HBOR. Wells Fargo's motion pointed out that only "borrowers" have HBOR standing, and the statute defines "borrower" as "any natural person who is a mortgagor or a trustor." Cal. Civ. Code § 2920.5(c). In her opposition, plaintiff claims that she has standing to sue as a trustee of the trust, but simultaneously argues (in a footnote) that she "is a trustor under the deed of trust." In order to maintain this action, plaintiff must properly allege that she has standing under HBOR.

Dkt. 40 at 2.

In the operative SAC, plaintiff abandons her theory that she has standing as trustee of the Heddi Lindberg Trust (the borrower on the 2007 loan), and pursues a new theory

---

[2] Moreover, even if the court were to look past the res judicata bar, plaintiff's allegations regarding Wells Fargo's lack of standing are wholly conclusory. The SAC alleges that "Wells Fargo is merely the 'servicer' of the loan and is not the lender" and "[a]s such, Wells Fargo services the loan for a trust and has no beneficial interest in the note of Deed of Trust pursuant to HBOR." Dkt. 41, ¶ 54. Plaintiff's factual allegations do not support the conclusion that Wells Fargo "has no beneficial interest" in plaintiff's loan.

8

1 based on a previous loan, issued in 2004, on which she (as an individual) is listed as the
2 borrower. In the SAC, plaintiff contends that the 2007 loan was based on a "forgery" and
3 that she "does not recall ever signing" the 2007 Deed of Trust. Dkt. 41, ¶ 8. Plaintiff further
4 alleges that the 2007 Deed of Trust "was forged to preclude her from seeking her rights as
5 a 'natural person' under HBOR and related borrower statutory protections." Id., ¶ 9.

6       In her opposition brief, plaintiff appears to hedge her position, maintaining the
7 argument that "the 2007 [loan] is forged," but arguing in the alternative that "even if the
8 forged 2007 DOT is considered the applicable DOT, plaintiff is still a borrower as she is
9 both a trustee and trustor of the Heddi Lindberg Trust." See Dkt. 44 at 5.

10       The court finds that plaintiff cannot establish standing under either theory. First, to
11 the extent that plaintiff claims standing based on the 2004 loan, plaintiff must first establish
12 that the 2007 loan is indeed void. However, any claim that the 2007 loan was forged is
13 barred, either by res judicata (as it pre-dates December 19, 2013, the dismissal date of
14 Lindberg I) or by the statute of limitations for fraud claims, which is three years in California.
15 Throughout the five complaints that plaintiff has filed, (two in Lindberg I, and three in this
16 case), plaintiff has not articulated any basis for equitably tolling her claim that the 2007 loan
17 documents were forged. Thus, the court finds that plaintiff is now precluded from alleging
18 that the 2007 loan is void. The court further finds that, by making payments pursuant to the
19 2007 loan, plaintiff accepted the benefits of that transaction (including the extinguishing of
20 her 2004 loan, which was replaced by the 2007 loan), and thus, has ratified the transaction
21 and is estopped from challenging its validity. See Merry v. Garibaldi, 48 Cal.App.2d 397,
22 399-401 (1941). Accordingly, the court finds that plaintiff's HBOR standing cannot be
23 premised on the 2004 loan, and must instead arise from the 2007 loan, consistent with
24 plaintiff's arguments in opposition to defendant's two previous motions to dismiss.

25       As the court noted in its previous dismissal order, only "borrowers" have HBOR
26 standing, and the statute defines "borrower" as "any natural person who is a mortgagor or a
27 trustor." Cal. Civ. Code § 2920.5(c). The court has repeatedly asked plaintiff to set forth
28 facts regarding her standing under HBOR. In its order dismissing the original complaint in

9

this case, the court directed plaintiff to file a first amended complaint that set forth "facts establishing plaintiff's standing to bring this suit, including whether she is the trustee of the trust that owns the subject property, and whether HBOR allows her to bring suit as the trustee of a trust." Dkt. 28 at 2.

In the FAC, plaintiff alleged that she was "the trustee of the Heddi Lindberg Trust," and that she was "not precluded in bringing claims under HBOR because a trustee of a trust may be a 'natural person.'" Dkt. 29, ¶ 8. After defendant moved to dismiss the FAC, plaintiff filed an opposition reiterating that she had HBOR standing as trustee of the Heddi Lindberg Trust, but simultaneously arguing (in a footnote) that she "is a trustor under the deed of trust." Dkt. 36-1 at 2, n. 2.

In granting defendant's motion to dismiss the FAC, the court noted that "the FAC alleges that plaintiff is the trustee of the Heddi Lindberg Trust (which is the owner of the subject property)," but still found that plaintiff had failed to "explain whether a trustee of a trust has standing to bring a claim under HBOR." Dkt. 40 at 2. Now, the SAC has abandoned the theory that plaintiff has standing through her position as trustee (or trustor) of the Heddi Lindberg Trust, and instead seeks to establish standing through the 2004 loan. While plaintiff's opposition brief attempts to re-claim the argument for standing based on the 2007 loan, plaintiff still fails to "explain whether a trustee of a trust has standing to bring a claim under HBOR," as was required by the court's previous two orders dismissing her complaint with leave to amend. The court will not grant plaintiff yet another opportunity to articulate her theory of standing, and now finds that plaintiff has not sufficiently alleged HBOR standing. Accordingly, the entirety of plaintiff's HBOR claim is dismissed without leave to amend for lack of standing.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED, and plaintiff's second amended complaint is dismissed in its entirety, without leave to amend. Because plaintiff has no remaining viable claims, her motion for preliminary injunction is DENIED as moot. The March 18, 2015 hearing date on the two motions is VACATED.

10

**IT IS SO ORDERED.**

Dated: March 13, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge